# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

RAY COLLINS                                                                                  PLAINTIFF

v.                                                          CIVIL ACTION NO. 3:17-CV-P374-JHM

CORRECTIONAL CARE SOLUTIONS *et al.*                              DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* action brought by a convicted prisoner. The Court has granted Plaintiff Ray Collins leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff initiated this action by completing a Court-supplied 42 U.S.C. § 1983 complaint form. On this form, he names the following as Defendants: Correctional Care Solutions, the medical provider at the institution where Plaintiff is incarcerated; St. Joseph's Hospital; and "Dr. Ellison."

Plaintiff alleges that he had a total knee replacement in 1992 at St. Joseph's Hospital in Lexington, Kentucky. Plaintiff indicates that this surgery was performed by Defendant Dr. Ellison. Plaintiff states that "by late 2009, the knee implant had failed becoming so loose" that a second knee replacement had to be performed at the University of Kentucky (UK) Hospital by another doctor. Plaintiff further alleges that on July 25, 2016:

> the third knee replacement that Doctor O'Donald a cancer doctor at UK Hospital said that Doctor Ellison at St. Joseph's Hospital fail to warn plaintiff about the manufactured of the knee replacement about metal poisoning that his bones can get and the problem of the manufactured of the knee implant could loose up and failed and cause more injury and pain to plaintiff.

Plaintiff then writes: "Under the care Correctional Care Solutions from prison."

Plaintiff continues:

> In this lawsuit, plaintiff alleges that Defendant the manufactured of knee implant failed to warn of its failure and about causing metal poisoning to people bones. Defendants St. Joseph's Hospital and Doctor Ellison failed to warn the plaintiff about the manufactured of knee implant and the problem of metal poisoning and failure of the knee implant causing it to failed. Plaintiff had suffered three knee replacement and cause injury to his knee and bones and live in daily pain for the rest of his life.

Plaintiff then states that he "has received Cruel and Unusual punishment by St. Joseph's Hospital and Doctor Ellison and the manufactured of the knee implant." He also alleges that these Defendants have been deliberately indifferent to a serious medical need.

As relief, Plaintiff seeks compensatory and punitive damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. 42 U.S.C. 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991)

### 1. Defendant Correctional Care Solutions (CCS)

A private corporation like CCS that performs a public function, such as contracting with the State to provide medical care, may be found to act under color of law for purposes of § 1983. *Thomas v. Coble*, 55 F. App'x 748 (6th Cir. 2003); *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991). The Sixth Circuit has held that the same analysis that applies to a § 1983 claim against a municipality also applies to a § 1983 claim against a state-contracted private corporation such as CCS. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell,* 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988)

(quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). In his complaint, Plaintiff's only reference to CCS is that he is "under the care Correctional Care Solutions from prison." Plaintiff does not allege that a CCS custom or policy caused the alleged violation of his constitutional rights. For this reason, the Court will dismiss Plaintiff's claim against CCS for failure to state a claim upon which relief may be granted.

### 2. Defendants St. Joseph's Hospital and Dr. Ellison

Plaintiff's complaint also indicates that he would like to bring a constitutional claim against Defendants St. Joseph's Hospital and Dr. Ellison pursuant to § 1983. Plaintiff claims that these Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. However, as noted above, to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by "a person acting under color of state law." *West v. Atkins,* 487 U.S. at 48. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982); *Street,* 102 F.3d at 814. Indeed, there must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.,* 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)). Here, Plaintiff has not presented any allegations from which the Court could conclude that the actions of either St. Joseph's Hospital or Dr. Ellison could be fairly attributable to the State. Accordingly, Plaintiff fails to state a § 1983 claim against these Defendants upon which relief may be granted.

### B. State-Law Claims

In his complaint, Plaintiff also seems to indicate that he would like to bring state-law claims against St. Joseph's Hospital and Dr. Ellison. The Court, however, declines to exercise supplemental jurisdiction over any such state-law claim. *See* 28 U.S.C. § 1367(c)(3). Therefore, Plaintiff's state-law claims will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: August 23, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.011